1
2
3
4
5
6
7

8                        UNITED STATES DISTRICT COURT

9                              DISTRICT OF NEVADA

10                                    * * *

11   MATTHEW BARCUS,                        Case No. 3:11-cv-00857-MMD-WGC

12                         Petitioner,                ORDER

13        v.

14   GREG SMITH, et al.,

15                         Respondents.

16

17        This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which

18   petitioner, a state prisoner, is proceeding *pro se*.   Before the Court is respondents'

19   motion to dismiss (dkt. no. 18).   Petitioner has opposed the motion (dkt. no. 25), and

20   respondents have replied (dkt. no. 26).   Petitioner has also filed a second motion for

21   appointment of counsel (dkt. no. 24), to which the Court turns first.

22   I.    **PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL**

23        On September 17, 2012, petitioner filed a second motion for appointment of

24   counsel (dkt. no. 24).   As the Court has discussed before, there is no constitutional right

25   to appointed counsel for a federal habeas corpus proceeding.   *Pennsylvania v. Finley*,

26   481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The

27   decision to appoint counsel is generally discretionary.   *Chaney v. Lewis*, 801 F.2d 1191,

28   1196 (9th Cir.1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d

1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984).  However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims.  *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970). As this Court concluded earlier, the petition in this action appears sufficiently clear in presenting the issues that petitioner wishes to raise, and it does not appear that counsel is justified. Petitioner also requests an evidentiary hearing.  However, he provides no argument whatsoever as to why an evidentiary hearing is warranted.  Thus, petitioner's motion for appointment of counsel and for an evidentiary hearing is denied.

**II.     PROCEDURAL HISTORY AND BACKGROUND**

Petitioner was convicted, pursuant to a jury verdict, of one count of possession of burglary tools and one count of possession of a stolen motor vehicle and adjudicated a habitual criminal (exhibits to motion to dismiss, dkt. no. 18, exh. 41).[1]  The district court sentenced petitioner to 12 months incarceration for possession of burglary tools and also adjudicated him a habitual criminal and sentenced him to a concurrent term of 25 years with parole eligibility after 10 years (*id.*).

Petitioner filed a direct appeal to the Nevada Supreme Court (exh. 54). Petitioner relied on *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and argued that his Fifth, Sixth, and Fourteenth Amendment rights to due process and a jury trial were violated because the court made a determination of facts, not found beyond a reasonable doubt by a jury, and used that determination to sentence him to an increased penalty (*id.* at 7).  The Nevada Supreme Court affirmed the conviction on June 8, 2007 (exh. 56).  Remittitur issued on July 5, 2007 (exh. 58).

On June 5, 2008, petitioner filed a state postconviction petition for a writ of habeas corpus (exh. 63).   On July 31, 2009, through newly appointed counsel,

---

[1]All exhibits referenced in this order are exhibits to respondents' motion to dismiss (dkt. no. 18) and may be found at dkt. nos. 19-22.

1   petitioner filed what the state district court determined was a superseding state petition

2   (exh. 67).  The state district court denied the majority of the petition and held an

3   evidentiary hearing on the issues of restitution and ineffective assistance of  appellate

4   counsel (exhs. 76, 86, 87).   The state district court then granted petitioner's claim of

5   ineffective assistance of trial counsel regarding the restitution and vacated the

6   restitution award in the judgment of conviction (exh. 88).  On November 18, 2011, the

7   Nevada Supreme Court affirmed the state court determination (exh. 104).

8         Petitioner dispatched this federal petition for writ of habeas corpus on November

9   22, 2011 (dkt. no. 7).   Respondents argue that grounds 1 through 7 are unexhausted

10  (dkt. no. 18).  They also argue that several grounds should be dismissed as conclusory

11  or because they are not cognizable in a federal habeas action (*id.*).

12  **III.    LEGAL STANDARDS**

13        **A.    Exhaustion**

14        A federal court will not grant a state prisoner's petition for habeas relief until the

15  prisoner has exhausted his available state remedies for all claims raised. *Rose v.*

16  *Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).   A petitioner must give the state

17  courts a fair opportunity to act on each of his claims before he presents those claims in

18  a federal habeas petition.  *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also*

19  *Duncan v. Henry,* 513 U.S. 364, 365 (1995).   A claim remains unexhausted until the

20  petitioner has given the highest available state court the opportunity to consider the

21  claim through direct appeal or state collateral review proceedings.  *See Casey v. Moore,*

22  386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir.

23  1981).

24        A habeas petitioner must "present the state courts with the same claim he urges

25  upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal

26  constitutional implications of a claim, not just issues of state law, must have been raised

27  in the state court to achieve exhaustion.  *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481

28  (D. Nev. 1988) (*citing Picard*, 404 U.S. at 276).  To achieve exhaustion, the state court

must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights.  *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999).  It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court."  *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (*quoting Rose v. Lundy,* 455 U.S. 509, 520 (1982)).  "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion."  *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).  However, citation to state caselaw that applies federal constitutional principles will suffice.  *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based.  *Bland v. California Dept. of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory.  *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

### B.    Conclusory Claims

In federal habeas petitions, notice pleading is not sufficient.  Mere conclusions of violations of federal rights without specifics do not state a basis for habeas corpus relief.  *Mayle v. Felix*, 545 U.S. 644, 649 (2005); *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); *Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995).  Conclusory allegations not supported by specific facts are subject to summary dismissal.  *Blackledge v. Allison*, ///

431 U.S. 63, 74 (1977).  *Pro se* pleadings, however, must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### C.     Non-cognizability and Fourth Amendment Claims

Allegations of violations of a petitioner's Fourth Amendment rights are not cognizable in federal habeas corpus actions provided that the petitioner has a "full and fair" opportunity to litigate these claims in state court.  *Stone v. Powell*, 428 U.S. 465, 481 (1976); *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996).  The relevant inquiry is whether the petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided.  *Id.*  A petitioner seeking habeas relief based on a state court's failure to exclude evidence on Fourth Amendment grounds must affirmatively demonstrate that the state court did not afford him an adequate opportunity to litigate his Fourth Amendment claims.  *Woolery v. Arave*, 8 F.3d 1325, 1326 (9th Cir. 1993).

## IV.    INSTANT PETITION

### A.     Ground 1

In ground 1 of the federal petition, petitioner alleges violations of his Fourth, Sixth and Fourteenth Amendment rights against unreasonable searches and seizures, and to due process and equal protection (dkt. no. 7 at 7-8).  He argues that he was arrested for a felony without a warrant on May 28, 2005, but was not brought before a magistrate for 56 hours after his arrest, in violation of *Gerstein v. Pugh*, 95 S.Ct. 854 (1985) (*id.* at 7).  Respondents are correct that petitioner failed to raise this claim in either his direct appeal or his appeal of the district court's denial in part of his state postconviction petition (Exhs. 54, 97).  Accordingly, ground 1 is unexhausted.

To the extent that petitioner argues that his Fourth Amendment rights were violated, respondents correctly argue that petitioner has not affirmatively demonstrated that the state court did not afford him an adequate opportunity to litigate his Fourth Amendment claims.  *Stone*, 428 U.S. at 481; *Woolery*, 8 F.3d at 1326.  And indeed, state law provides a mechanism to challenge the validity of search warrants, etc.  *See*

NRS 179.085.  Here, petitioner had the opportunity to litigate this claim, and in fact filed a motion to suppress other evidence obtained from inside the vehicle (exh. 25). Accordingly, the portion of ground 1 that alleges violations of  petitioner's Fourth Amendment rights is dismissed as not cognizable in a federal habeas corpus proceeding.

### B.    Ground 2

In ground 2, petitioner alleges violations of his Fifth and Fourteenth Amendment rights to due process and equal protection.  He asserts that the prosecutor engaged in misconduct when petitioner's preliminary hearings were continued over and over and that the prosecutor refused to provide discovery for over six weeks.  Petitioner also alleges prosecutorial misconduct when the prosecutor allowed the victim to lie on the stand, and when at sentencing the prosecutor made statements about untested statistics on unproved car thefts attributed to petitioner, and read from a detective's statements in another case (dkt. no. 7 at 9-12).

Respondents argue that this ground is unexhausted (dkt. no. 18 at 12-13). Respondents are correct that petitioner failed to raise this portion of ground 2: that the prosecutor committed misconduct when the preliminary hearings were continued and when he refused to provide discovery for over six weeks.  Moreover, this portion of the claim is conclusory; petitioner fails to set forth specifically what discovery was withheld. Accordingly, this portion of ground 2 is dismissed as conclusory.

Respondents are also correct that petitioner failed to raise the remaining claims set forth here in ground 2 in either his direct appeal or his appeal of the denial of his state postconviction habeas petition (ex's 54, 97). Accordingly, the claims of prosecutorial misconduct when the prosecutor allowed the victim to lie on the stand, and when at sentencing the prosecutor made statements about untested statistics on

///

///

///

6

1  unproved car thefts attributed to petitioner, and read from a detective's statements in

2  another case are unexhausted.[2]

3      **C.    Ground 3**

4      Petitioner alleges violations of his Fifth, Sixth and Fourteenth Amendment rights

5  to due process, equal protection and effective assistance of counsel.  He claims the

6  following: counsel was ineffective by failing to be prepared at the preliminary hearing.

7  Petitioner had the right to cross examine all witnesses, present evidence and testify.

8  Counsel failed to object to hearsay at the preliminary hearing (apparently in violation of

9  his rights under the Confrontation Clause).  Counsel failed to investigate the value of the

10  vehicle, which was less than $2,500.00.  Counsel failed to show that the victim "acted

11  like a vigilante in trying to obtain the vehicle."   Counsel failed to move to exclude

12  evidence that petitioner wielded a knife to get the victim to "back off" when he

13  confronted petitioner, even though the related charge was dismissed at the preliminary

14  hearing. Counsel failed to object at trial, failed to present evidence that the victim

15  searched the vehicle before police arrived, and failed to object to a jury instruction that

16  did not cite the statute pursuant to which petitioner was found guilty.  Counsel did not

17  allow petitioner to testify (exh. 7 at 13-14).   Respondents argue that ground 3 is

18  unexhausted (dkt. no. 18 at 13-15).

19      Petitioner raised the following as ground 1 in his appeal of the state district court

20  denial of his superseding state postconviction habeas petition: that his Sixth

21  Amendment right to effective assistance of counsel was violated when his counsel failed

22  to be prepared at the preliminary hearing to present evidence of the true value of the

23  stolen vehicle (exh. 97 at 5).  Accordingly, this portion of ground 3 is exhausted.

24  Petitioner did not raise any other ground 3 claims in his direct appeal or his appeal of

25  _____

26  [2]The Court notes that petitioner raised ineffective assistance of counsel claims
   regarding the failure to object to the prosecutor providing prejudicial hearsay not in
   evidence at the sentencing hearing in his appeal of the denial of his state postconviction

27  petition (exh. 97 at 7-9).  However, a substantive claim subsumed within a claim of
   ineffective assistance of counsel is not exhausted and is not preserved for federal

28  habeas review.  *Rose v. Palmateer*, 395 F.3d 1108, 1111-1112 (9th Cir. 2005).

the denial of his supplemental state postconviction petition.  Thus, all other claims set forth in ground 3 are unexhausted.

The following claims in ground 3 are dismissed as conclusory, with the Court's reasoning following each:

(1)     counsel was ineffective and not prepared for the preliminary hearing because petitioner had a right to cross-examine all witnesses – petitioner fails to identify which witnesses he was unable to cross-examine;

(2)     counsel was ineffective for not allowing petitioner to testify – petitioner fails to allege what his testimony would have been and how that would have affected the trial outcome;

(3)     counsel was ineffective for not objecting and not presenting the facts regarding the victim's search of the vehicle before police arrived – petitioner fails to allege what those facts are, and how or why he was prejudiced;

(4)     counsel was ineffective for conducting a poor cross-examination – petitioner fails to specify who was being cross-examined, what testimony counsel should have elicited and how that would have affected the outcome;

(5)     counsel was ineffective for not objecting to a jury instruction that did not include the statute pursuant to which the jury found him guilty – petitioner fails to specify to which statute he refers or how citation to it would have affected the outcome;

(6)     counsel was ineffective by allowing the jury to be confused, not clearing up multiple issues and not allowing petitioner to take the stand to give his side of events – petitioner fails to specify what confusing issues counsel failed to clarify, what testimony petitioner would have provided and how that would have affected the outcome.

**D.      Ground 4 and Grounds 4 and 5 of Statement of Additional Claims**

Petitioner alleges violations of his Fifth and Fourteenth Amendment rights to due process and equal protection when the same judge that had presided over other of petitioner's felony cases presided over this matter as well (dkt. no. 7 at 15-16).  He

8

1 claims that he has appeared before the same judge "time and again" between 1992 and

2 2005 (*id.* at 15).  Petitioner contends that the judge should have *sua sponte* recused

3 himself, that he could not get a fair trial and that the judge violated the Nevada Code of

4 Judicial Conduct (*id.* at 15-16).  Respondents are correct that this portion of ground 4

5 has not been presented to the Nevada Supreme Court, either in direct appeal or

6 postconviction habeas proceedings.  Accordingly, this portion of ground 4 is

7 unexhausted.

8       Respondents fail to address petitioner's Statement of Additional Claims (dkt. no.

9 10), but petitioner adds in grounds 4 and 5 of the Statement of Additional Claims that

10 his appellate counsel was ineffective for failing to appeal the court's use of the stale and

11 non-violent convictions to enhance his sentence as a habitual criminal as an abuse of

12 judicial discretion and for failing to appeal the improper and highly prejudicial

13 admissions of hearsay testimony offered by the prosecutor at sentencing (*id.* at 3-5).

14 This claim is raised as ground 4 in petitioner's appeal of the denial of his state

15 postconviction petition (exh. 97 at 8-9) and therefore is exhausted.

16       **E.**    **Ground 5**

17       Petitioner alleges violations of his Fifth and Fourteenth Amendment rights to due

18 process and equal protection, his Sixth Amendment right to a jury trial and his Eighth

19 Amendment right to be free from cruel and unusual punishment when the judge

20 sentenced him as a habitual criminal (dkt. no. 7 at 17).  Petitioner contends that he was

21 entitled to a jury finding based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that his

22 first conviction in 1992 was stale and trivial and that none of his prior crimes was violent.

23       In his direct appeal, petitioner relied on *Apprendi* and argued that his rights to

24 due process and a jury trial under the Fifth, Sixth and Fourteenth Amendments were

25 violated because the court made a determination of facts, not found to be true beyond a

26 reasonable doubt by a jury, and used that determination to sentence petitioner to an

27 increased penalty (exh. 54 at 7).  Accordingly, this portion of ground 5 is exhausted.

28 ///

Respondents are correct that the portion of ground 5 that presents equal protection claims and claims that petitioner's Eighth Amendment right to be free from cruel and unusual punishment were violated are unexhausted.

### F.    Ground 6

Petitioner alleges violations of his Fifth Amendment right to due process and to be free from double jeopardy and his Fourteenth Amendment right to equal protection because he was sentenced twice for the same crime.  He states that he was sentenced to 12-48 months by jury verdict and then to 10-25 years for the same verdict.  Respondents are correct that petitioner failed to raise this claim either in his direct appeal or in his appeal of the denial of his state postconviction habeas petition to the Nevada Supreme Court.  Accordingly, ground 6 is unexhausted.

### G.    Ground 7

Petitioner alleges violations of his Sixth Amendment right to effective assistance of counsel and his Fourteenth Amendment right to equal protection.  He claims the following: his appellate counsel failed to communicate and discuss the appeals process with him and failed to raise substantial and meritorious issues in his direct appeal.  Counsel was ineffective for failing to raise grounds 1-4 and 6 of this federal petition.

The only portion of ground 7 that is exhausted is petitioner's claim that his appellate counsel was ineffective for failing to appeal the trial court's use of stale and non-violent convictions to enhance his sentence as a habitual criminal as an abuse of discretion and for failing to appeal the improper and prejudicial hearsay testimony offered by the prosecutor at sentencing (exh. 97 at 8-9).  However, this claim is already raised in grounds 4 and 5 of the Statement of Additional Claims (*see* discussion of ground 4, *infra*).  Accordingly, this portion of ground 7 is dismissed as duplicative.  The rest of the claims in ground 7 are unexhausted.

### V.    PETITIONER'S OPTIONS REGARDING UNEXHAUSTED CLAIMS

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the

petition.  *Rose v. Lundy*, 455 U.S. 509, 510 (1982).  A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal.  *Id.*  In the instant case, the Court finds that some claims are exhausted, some claims are unexhausted, and that some claims are subject to dismissal as either conclusory or not cognizable in federal habeas corpus.   Because the Court finds that the petition is a "mixed petition," containing both exhausted and unexhausted claims, petitioner has these options:

> 1.   He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claim;
>
> 2.   He may return to state court to exhaust his unexhausted claim, in which case his federal habeas petition will be denied without prejudice; or
>
> 3.   He may file a motion asking this Court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claim.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits.  *Rhines v. Weber*, 544 U.S. 269, 276, (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances.  Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.  *Cf.*  28 U.S.C.  § 2254(b)(2) ("An  application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

Accordingly, petitioner would be required to show good cause for his failure to exhaust his unexhausted claims in state court, and to present argument regarding the question whether or not his unexhausted claims are plainly meritless.  Respondent would then be granted an opportunity to respond, and petitioner to reply.

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this Court, will result in his federal habeas petition being

1  dismissed.  Petitioner is advised to familiarize himself with the limitations periods for
2  filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations
3  periods may have a direct and substantial effect on whatever choice he makes
4  regarding his petition.

5  **VI.    CONCLUSION**

6        IT IS THEREFORE ORDERED that petitioner's motion for appointment of
7  counsel (dkt. no. 24) is DENIED.

8        IT IS FURTHER ORDERED that respondents' motion to dismiss the petition (dkt.
9  no. 18) is GRANTED in part and DENIED in part as follows:

10       1.    The portion of ground 1 that alleges violations of petitioner's Fourth
11  Amendment rights is DISMISSED as not cognizable.  The remaining claims in ground 1
12  are unexhausted.

13       2.    The portion of ground 2 that alleges that the prosecutor committed
14  misconduct when the preliminary hearings were continued and when he refused to
15  provide discovery for over six weeks is DISMISSED as conclusory.  The remaining
16  claims in ground 2 are unexhausted.

17       3.    The claim in ground 3 that petitioner's Sixth Amendment right to effective
18  assistance of counsel was violated when his counsel failed to be prepared at the
19  preliminary hearing to present evidence of the true value of the stolen vehicle is
20  exhausted.  The following claims in ground 3 are DISMISSED as conclusory:

21            (a)    counsel was ineffective and not prepared for the preliminary
22  hearing because petitioner had a right to cross-examine all witnesses;

23            (b)    counsel was ineffective by not allowing petitioner to testify;

24            (c)    counsel was ineffective by not objecting and not presenting the
25  facts regarding the victim's search of the vehicle before police arrived;

26            (d)    counsel was ineffective by conducting a poor cross-examination;

27            (e)    counsel was ineffective by not objecting to a jury instruction that did
28  not include the statute pursuant to which the jury found him guilty;

(f)     counsel was ineffective by allowing the jury to be confused, not clearing up multiple issues and not allowing petitioner to take the stand to give his side of events.

The remaining claims in ground 3 are unexhausted.

4.     Ground 4 is unexhausted.

5.     The portion of grounds 4 and 5 of the Statement of Additional Claims that alleges that petitioner's appellate counsel was ineffective for failing to appeal the court's use of the stale and non-violent convictions to enhance his sentence as a habitual criminal as an abuse of judicial discretion and for failing to appeal the improper and highly prejudicial admissions of hearsay testimony offered by the prosecutor at sentencing is exhausted.

6.     The claim in ground 5 that petitioner's rights to due process and a jury trial under the Fifth, Sixth and Fourteenth Amendments were violated because the court made a determination of facts, not found to be true beyond a reasonable doubt by a jury, and used that determination to sentence petitioner to an increased penalty is exhausted.  The remaining claims in ground 5 are unexhausted.

7.     Ground 6 is unexhausted.

8.     Petitioner's claim in ground 7 that his appellate counsel was ineffective for failing to appeal the trial court's use of stale and non-violent convictions to enhance his sentence as a habitual criminal as an abuse of discretion and for failing to appeal the improper and prejudicial hearsay testimony offered by the prosecutor at sentencing is DISMISSED as duplicative.  The remaining claims in ground 7 are unexhausted.

IT IS FURTHER ORDERED that petitioner shall have thirty (30) days to either: (1) inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted ground; or (2) inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; or (3) file a motion for a stay and abeyance, asking this Court to

13

hold his exhausted claim in abeyance while he returns to state court to exhaust his unexhausted claims.  If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

IT IS FURTHER ORDERED that if petitioner elects to abandon his unexhausted grounds, respondents shall have thirty (30) days from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief.  The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

IT IS FURTHER ORDERED that petitioner shall have thirty (30) days following service of respondents' answer in which to file a reply.

IT IS FURTHER ORDERED that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.


DATED THIS 24th day of May 2013.


_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE