UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MATTHEW BARCUS, | Case No. 3:11-cv-00857-MMD-WGC |
| Petitioner, | ORDER |
| v. | |
| GREG SMITH, et al., | |
| Respondents. | |

Before the Court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (dkt. no. 7), respondents' answer (dkt. no. 32), and petitioner's reply (dkt. no. 33). The Court finds that relief is not warranted, and the Court denies the petition.

After a jury trial in state district court, petitioner was convicted of one count of possession of burglary tools, a gross misdemeanor, and one count of possession of a stolen motor vehicle, a felony. The judge adjudicated petitioner as a habitual criminal pursuant to NRS § 207.010(1)(b) and sentenced him to 25 years in prison with parole eligibility after a minimum of 10 years. (Exh. 41 (dkt. no. 20).) Petitioner appealed, and the Nevada Supreme Court affirmed. (Exh. 56 (dkt. no. 21).)

Petitioner then filed a proper-person post-conviction habeas corpus petition in state district court. (Exh. 63 (dkt. no. 21).) The state district court appointed counsel. Counsel filed a supplemental petition. (Exh. 67 (dkt. no. 21).) The state district court treated the supplemental petition as a superseding petition because it incorporated the claims in the original petition. (Exh. 76, at 2 n.1 (dkt. no. 22).) The state district court dismissed some of the grounds without a hearing. Exh. 76 (dkt. no. 22). The state

district court held an evidentiary hearing for other grounds. Exh. 87 (dkt. no. 22). The state district court determined that there was no basis for an order of restitution, but it denied all other remaining claims. Exh. 88 (dkt. no. 22). Petitioner appealed, and the Nevada Supreme Court affirmed summarily. Exh. 104 (dkt. no. 22).

Petitioner then commenced this action. The Court determined that petitioner had not exhausted his state-court remedies for many of his grounds. Order (dkt. no. 30). Petitioner elected to dismiss those grounds. Decl. (dkt. no. 31). Four claims remain, spread over three grounds.

Congress has limited the circumstances in which a federal court can grant relief to a petitioner who is in custody pursuant to a judgment of conviction of a state court.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." *Harrington v. Richter*, 131 S. Ct. 770, 784 (2011).

> Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of this Court, § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 412 (2000); or that it "involved an unreasonable application of" such law, § 2254(d)(1); or that it "was based on an unreasonable determination of the facts" in light of the record before the state court, § 2254(d)(2).

*Richter*, 131 S. Ct. at 785. "For purposes of § 2254(d)(1), 'an unreasonable application of federal law is different from an incorrect application of federal law.'" *Id.* (citation omitted). "A state court's determination that a claim lacks merit precludes federal

2

habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Id. (citation omitted).

> [E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.

*Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004).

> Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court.

*Richter*, 131 S. Ct. at 786.

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Id.*, at 786-87.

The Court turns first to the claim in ground 5 that petitioner's adjudication as a habitual criminal violated the Sixth Amendment because it involved questions of fact that should have been presented to a jury. The Sixth Amendment does not require a jury trial for a habitual criminal adjudication pursuant to Nevada law. *Tilcock v. Budge*, 538 F.3d 1138 (9th Cir. 2008). Ground 5 is without merit. Reasonable jurists would not find this conclusion to be debatable or wrong, and the Court will not issue a certificate of appealability on this issue.

The remaining claims are claims of ineffective assistance of counsel. A petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. "[T]here is no reason for a court deciding an ineffective assistance

///

claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

Review of an attorney's performance must be "highly deferential," and must adopt counsel's perspective at the time of the challenged conduct to avoid the "distorting effects of hindsight." *Strickland*, 466 U.S. at 689. A reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (citation omitted).

The Sixth Amendment does not guarantee effective counsel *per se*, but rather a fair proceeding with a reliable outcome. *See Strickland*, 466 U.S. at 691-92. *See also Jennings v. Woodford*, 290 F.3d 1006, 1012 (9th Cir. 2002). Consequently, a demonstration that counsel fell below an objective standard of reasonableness alone is insufficient to warrant a finding of ineffective assistance. The petitioner must also show that the attorney's sub-par performance prejudiced the defense. *Strickland*, 466 U.S. at 691-92. There must be a reasonable probability that, but for the attorney's challenged conduct, the result of the proceeding in question would have been different. *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," . . . and when the two apply in tandem, review is "doubly" so . . . . The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Harrington v. Richter*, 131 S. Ct. 770, 788 (2011) (citations omitted).

In the remaining part of ground 3, petitioner claims that counsel provided ineffective assistance at the preliminary hearing because counsel was not prepared to

4

1  contest the value of the stolen vehicle.[1] The value of the stolen vehicle can affect the
2  severity of the crime. At the relevant time, the statute provided:

> 3. Except as otherwise provided in subsection 4, a person who violates the provisions of subsection 1 is guilty of a category C felony and shall be punished as provided in NRS 193.130.
>
> 4. If the prosecuting attorney proves that the value of the vehicle involved is $2,500 or more, the person who violated the provisions of subsection 1 is guilty of a category B felony and shall be punished by imprisonment in the state prison for a minimum term of not less than 1 year and a maximum term of not more than 10 years, and by a fine of not more than $10,000.

NRS § 205.273 (2005). A category C felony carries a sentence with a minimum term not less than 1 year and a maximum term of not more than 5 years. NRS § 193.130(2)(c). However, to be treated as a habitual criminal, petitioner needed to be convicted of *any* felony, not a particular category of felony, and have previously been three times convicted of felonies. NRS § 207.010(1)(b). In the appeal from the denial of the state habeas corpus petition, the Nevada Supreme Court summarily affirmed the state district court. (Exh. 104 (dkt. no. 22).) The state district court held:

> In any event, the jury answered an interrogatory indicating the value of the vehicle and the petitioner was consequently sentenced as a habitual criminal upon the felony conviction regardless of it being a Class C or B. Hence, petitioner failed to demonstrate any prejudice. Finally, petitioner's claim is merely conclusory, without a factual predicate, and will be dismissed without a hearing.

(Exh. 76, at 3 (dkt. no. 22).) *See also* Exh. 35 (dkt. no. 20) (verdict form showing jury's determination that vehicle's value was greater than $2,500). It made no difference whether counsel should have contested the value of the stolen vehicle at the preliminary hearing. Either way, petitioner was convicted of a felony, and that was enough for application of the habitual-criminal statute. Petitioner cannot even argue that his sentence would have been less if the underlying felony was a lesser category, because the trial judge imposed the lightest possible sentence under § 207.010(1)(b). The state-

---

[1] Respondents acknowledged that this part of ground 3 was exhausted. Answer, at 3 (dkt. no. 32). However, respondents did not address the merits of the claim.

5

court determination on this issue was a reasonable application of *Strickland*, and the remaining claim in ground 3 is without merit. Reasonable jurists would not find this conclusion to be debatable or wrong, and the Court will not issue a certificate of appealability on this issue.

The remaining two claims are spread out over grounds 4 and 5 of a statement of additional claims. Respondents designate these claims as grounds 4(1) and 4(2), and this Court will do the same.

In ground 4(1), petitioner argues that appellate counsel provided ineffective assistance because appellate counsel did not argue that the trial court should not consider a stale conviction for a non-violent offense from 1992. Petitioner was sentenced in 2005. "NRS 207.010 makes no special allowance for non-violent crimes or for the remoteness of convictions; instead, these are considerations within the discretion of the district court." *Arajakis v. State*, 843 P.2d 800, 805 (Nev. 1992). At sentencing, the trial judge understood that adjudicating petitioner as a habitual criminal was within his discretion. (Exh. 67, internal Exh. 3, at 21-22 (dkt. no. 21).) At the evidentiary hearing during the state habeas corpus proceedings, appellate counsel explained why she did not raise the issue of the old conviction on direct appeal. First, she wanted to focus on the then-new decision by the court of appeals, *Kaua v. Frank*, 436 F.3d 1057 (9th Cir. 2006), to argue that § 207.010 required factual findings beyond the existence of prior convictions to extend petitioner's sentence, and that those findings needed to be made by a jury.[2] Second, in her experience appellate challenges to the staleness and non-violence of prior convictions rarely if ever succeeded. Third, even if the trial court did not consider the 1992 conviction, the trial court still had three valid prior convictions that it could use to adjudicate petitioner as a habitual criminal. Fourth, trial counsel did not object to the 1992 conviction at sentencing, and she would have needed to show

---

[2]The court of appeals later determined that NRS § 207.010 does not require additional findings of fact to extend a sentence and thus that the Sixth Amendment does not require a jury to make those findings. *Tilcock v. Budge*, 538 F.3d 1138 (9th Cir. 2008).

that the trial court committed plain error. (Exh. 87, at 7-12 (dkt. no. 22).) The state district court found the claim to be without merit, and the Nevada Supreme Court affirmed summarily.

The state courts reasonably could have concluded that petitioner did not receive ineffective assistance of counsel. First, as appellate counsel herself noted, effective appellate counsel need not raise every non-frivolous issue on direct appeal. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983). Counsel had what she thought at the time was a good constitutional claim based upon *Kaua v. Frank*, and she was reasonable in not cluttering up her appellate argument with an issue that was in a poor procedural posture and had little chance of success even if the objections had been preserved. Second, the state courts reasonably could have concluded that petitioner suffered no prejudice because enough prior convictions remained to adjudicate petitioner as a habitual criminal even if the trial court did not consider the 1992 conviction. Ground 4(1) is without merit. Reasonable jurists would not find this conclusion to be debatable or wrong, and the Court will not issue a certificate of appealability on this issue.

In ground 4(2), petitioner argues that appellate counsel provided ineffective assistance because she did not object to hearsay statements in the sentencing hearing. The prosecutor had summarized the testimony of a police detective in an earlier sentencing hearing. (Exh. 67, internal Exh. 3, at 15-16 (dkt. no. 21).) In his state habeas corpus proceedings, the district court dismissed the claim without a hearing. (Exh. 76, at 4 (dkt. no. 22).) The Nevada Supreme Court summarily affirmed the dismissal. (Exh. 104 (dkt. no. 22).

The issues underlying the ineffective-assistance claim in ground 4(2) is without merit. The Due Process Clause of the Fourteenth Amendment does not prohibit the admission of hearsay evidence in sentencing proceedings. *Williams v. New York*, 337 U.S. 241 (1949). Likewise, the Confrontation Clause of the Sixth Amendment does not prohibit the admission of hearsay evidence in sentencing proceedings. *United States v. Littlesun*, 444 F.3d 1196 (9th Cir. 2006). The sentencing judge may not rely upon

7

materially false or unreliable information, *Townsend v. Burke*, 334 U.S. 736, 740-41 (1948), but petitioner has not alleged anything indicating that the police officer's testimony was false or unreliable. To the contrary, it was sworn testimony in an earlier sentencing hearing, in which petitioner had the opportunity to cross-examine the officer. Consequently, the state courts reasonably could have concluded that appellate counsel did not provide ineffective assistance when she did not raise this underlying issue on direct appeal. Ground 4(2) is without merit. Reasonable jurists would not find this conclusion to be debatable or wrong, and the Court will not issue a certificate of appealability on this issue.

It is therefore ordered that the petition for a writ of habeas corpus (dkt. no. 7) is denied. The Clerk of the Court shall enter judgment accordingly.

It is further ordered that a certificate of appealability is denied.

DATED THIS 2nd day of February 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE